IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **INTERSHIP SERVICES, INC.** | § § § | |
| **Plaintiff,** | § § | |
| V. | § § | C.A. NO. _____ |
| | § | In Admiralty – Rule 9(h) |
| **PATTERSON PTE LTD., NORBULK SHIPPING UK LTD., and the M/V X-PRESS MACHU PICCHU,** her engines, tackle, gear, appurtenances, etc., *in rem* | § § § § § § § | |
| **Defendants.** | § | |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Intership Services, Inc., hereinafter sometimes referred to as the "Plaintiff" or "Intership Services", and files this its Verified Original Complaint against Patterson Pte Ltd. ("Patterson"), Norbulk Shipping UK Ltd. ("Norbulk"), and the M/V X-PRESS MACHU PICCHU, *in rem*, hereinafter sometimes collectively referred to as the "Defendants", and in support thereof, would respectfully show as follows:

### I.

### SUBJECT MATTER JURISDICTION

1.1   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## II.

## VENUE

2.1     Venue is proper under 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## III.

## PARTIES AND SERVICE

3.1     Intership Services, Inc. is a Texas corporation having its principal place of business in Houston, Texas.

3.2     Defendant, Patterson, is a foreign business entity with its principal place of business located in Singapore. Upon information and belief, Patterson owned the M/V X-PRESS MACHU PICCHU at all relevant times. Patterson does not maintain a registered agent for service of process in the State of Texas, but does business here, and may be served through the Texas Secretary of State at its office located 11 Duxton Hill, Singapore 089595.

3.3     Defendant, Norbulk, is a foreign business entity with its principal place of business located in the United Kingdom. Upon information and belief, Norbulk operated and/or managed the M/V X-PRESS MACHU PICCHU at all relevant times. Norbulk does not maintain a registered agent for service of process in the State of Texas, but does business here, and may be served through the Texas Secretary of State at its office located Norbulk House, 68 Glassford Street, Glasgow, G1 1UP, United Kingdom.

3.4     The M/V X-PRESS MACHU PICCHU, her engines, tackle, gear, and appurtenances, etc., *in rem*, hereinafter sometimes referred to as the "Vessel," is and was at all times material a Singapore flagged vessel. At all times material to this lawsuit, the M/V X-PRESS MACHU PICCHU was docked in the Port of Houston, Texas. Upon information and

belief, M/V X-PRESS MACHU PICCHU is in service to ports of the United States, including Texas.

## IV.

## FACTS

4.1     On or about June 8, 2018, the Defendants, directly or through their agents or managers, engaged the Plaintiff to provide a 60 foot manlift, including diesel and delivery, along with one manlift operator and one supervisor, to the Vessel for use in painting.

4.2     On or about June 8, 2018, the Plaintiff leased, rented, or obtained a 60 foot manlift from CBS Rentals and arranged for its delivery to the Vessel berthed in the Port of Houston, along with a manlift operator and supervisor.

4.3     On or about June 9, 2018, after the painting work had been completed, the manlift was being lifted from the Vessel to the dock by using one of the Vessel's cranes operated by the Vessel's personnel under the supervision of the Defendants' officers and superintendent. During this operation, the Defendants' crane operator negligently made a sudden, quick move, and the steel wire provided by the Defendants broke because it was defective, causing the manlift to fall to the Vessel's deck. The manlift was seriously damaged and/or destroyed as a result of being dropped.

4.4     Thereafter, CBS Rentals made a claim against the Plaintiff for the value of the manlift in the amount of $52,233.01. The Plaintiff in turn made a claim against the Defendants for damage to or destruction of the manlift in the amount of $52,233.01, plus attorney's fees incurred by the Plaintiff as a result of the incident and subsequent events. The Defendants refused to pay the Plaintiff, even though the incident was caused by the conduct of the Defendants' personnel and the negligent and unseaworthy condition of the Vessel's equipment.

4.5     The Plaintiff then paid CBS Rentals $52,233.01 and obtained a release of all claims by CBS Rentals against the Plaintiff, the Defendants, and the Vessel.

## V.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT AGAINST THE DEFENDANTS

5.1     The Plaintiff re-alleges and incorporates herein each and every allegation and averment contained in paragraphs 1 through 4.5 of Plaintiff's Verified Original Complaint with the same force and effect as if the same were more fully set forth herein.

5.2     The Plaintiff and the Defendants entered into a valid and enforceable contract for the lease or rental of the manlift for use in painting the Vessel.

5.3     In breach of their contractual duties, the Defendants damaged and/or destroyed the manlift, proximately causing the damages incurred by the Plaintiff.

5.4     As a result of the breach of contract, the Defendants are liable for all damages incurred or sustained by the Plaintiff.

## VI.

## SECOND CAUSE OF ACTION

## NEGLIGENCE AGAINST THE DEFENDANTS

6.1     The Plaintiff re-alleges and incorporates herein each and every allegation and averment contained in paragraphs 1 through 5.4 of Plaintiff's Verified Original Complaint with the same force and effect as if the same were more fully set forth herein.

6.2     The Defendants owed a legal duty to the Plaintiff to return the manlift in the same good order and condition as when received by the Defendants.

6.3     The Defendants breached their duty to the Plaintiff by failing to deliver the manlift in the same good order and condition as when received.

6.4     The Defendants' careless and negligent conduct and/or the defective equipment of the Defendant Vessel caused the damage and/or destruction to the manlift, giving rise to a maritime lien against the Defendant Vessel.

6.5     As a direct and proximate result of the Defendants' negligence, the Plaintiff has suffered an injury and sustained damages for which the Defendants are liable.

## VII.

## THIRD CAUSE OF ACTION

### BREACH OF MARITIME CONTRACT/ENFORCEMENT OF MARITIME LIEN FOR NECESSARY (46 U.S.C. § 31342)

7.1     Plaintiff re-alleges and incorporates herein each and every allocation contained in paragraphs 1 through 6.5 of Plaintiff's Verified Original Complaint, as though fully set forth herein.

7.2     Defendant, Norbulk, as ship/commercial manager of the Defendant Vessel, was authorized to order the equipment in question on behalf of the Vessel.

7.3     Norbulk, as ship/commercial manager of the Defendant Vessel, had the authority to procure the equipment in question for the Vessel as a person entrusted with the management of the Vessel at the Port of Houston, and/or as an agent appointed by the owner, charterer or owner *pro hac vice* of the Vessel for purposes of 46 U.S.C. § 31342, *et al* (46 U.S.C. §§ 31343(a)(1)-(a)(4)).

7.4     The above described equipment constitute a "necessary" within the meaning of 46 U.S.C. § 31342. It was delivered to the vessel in good condition and it was returned in a damaged and/or destroyed condition.

7.5     Pursuant to 46 U.S.C. § 31342, Plaintiff's provision of said and necessary to the Defendant Vessel gave rise to a maritime lien on the Vessel and entitles Plaintiff to assert this

civil action *in rem* to enforce and foreclose the maritime lien against Defendant Vessel in the amount of $52,233.01, plus interest and cost.

## VIII.

## DAMAGES

8.1     Each of the Defendants has caused damage to the Plaintiff, as their interests may appear, in the amount of $52,233.01, together with interest and costs of this action, as well as attorney's fees in pursuing this action, no part of which has been paid, although duly demanded.

## IX.

## CONDITIONS PRECEDENT

9.1     All conditions precedent have been performed, satisfied and/or discharged by the Plaintiff.

9.2     All and singular, the premises of this Verified Original Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

## X.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Intership Services, Inc., respectfully prays as follows:

a.     That due process in the form of law, according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, issue against Defendants, citing them to appear and answer the

foregoing, failing which a default will be taken against them for the principal amount of the claim, plus interest, costs, and attorney's fees;

b. That a warrant for the arrest of the Vessel, M/V X-PRESS MACHU PICCHU, and her engines, tackle, gear, and appurtenances, etc., *in rem*, be issued according to the practice of this Honorable Court in causes of admiralty and maritime jurisdiction, and all persons having a claim and having any interest therein be cited to appear and answer, under oath, all and singular the matters aforesaid;

c. That the Plaintiff have a judgment entered in its favor against the Defendants, jointly and severally, on each of the causes of action specified, in the amount of the Plaintiff's damages, together with interest, costs, and attorney's fees; and

d. The Court grant such other and further relief, as the Court deems just and proper.

Respectfully submitted,

By: */s/ Dimitri P. Georgantas*
Dimitri P. Georgantas
Texas State Bar No.: 07805100
Fed. I.D. No.: 2805
1600 Smith Street, Suite 5000
Houston, Texas 77002
Telephone: 713.224.8380
Facsimile: 713.225.9545
dimitri.georgantas@roystonlaw.com

**ATTORNEY FOR PLAINTIFF
INTERSHIP SERVICES, INC.**